**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NEELAB WAFA and B.W., a minor, by and through her next friend ZUBAIDA WAFA** | § | |
| **Plaintiffs** | § | |
| **v.** | § | **Civil Action No. 5:26-cv-6365** |
| **HAJARRAH, LLC dba AZRO AUTHENTIC AFGHAN CUISINE, TILLA BAYAT, and RUHULLAH BAYAT** | § | |
| **Defendants** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Neelab Wafa and B.W. bring this suit against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended, and for breach of contract and fraud under Texas common law, and show as follows:

## I. NATURE OF SUIT

1. Defendants willfully refused to pay Plaintiffs at all for the duration of their employment, violating the minimum wage and overtime requirements of the FLSA and breaching their contract with Plaintiffs under Texas common law.

2. Additionally, Defendants did not intend to pay at the time they employed the Plaintiffs, constituting fraud under Texas common law.

## II. PARTIES

3. Plaintiffs Neelab Wafa and B.W. are individuals who reside in Bexar County, Texas. Plaintiffs' consent form to bring this lawsuit is attached as **Exhibit A**.

4. Defendant Hajarrah, LLC dba Azro Authentic Afghan Cuisine ("Azro") is a Texas limited

liability company that is authorized to and is doing business in Texas. Defendant can be served with process by service on its registered agent Tilla Bayat at 2211 NW Military Hwy, Ste. 131, San Antonio, TX 78213.

5. Defendant Tilla Bayat is an individual residing in Bexar County, Texas. She can be served with process at her residence, 8811 Monarchy Row, San Antonio, TX 78255.

6. Defendant Ruhullah Bayat is an individual residing in Bexar County, Texas. He can be served with process at his residence, 8811 Monarchy Row, San Antonio, TX 78255.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under federal law—specifically, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs' state law claim forms part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

8. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. A substantial part of the events forming the basis of this suit occurred in Bexar County, Texas, which is in this District and Division. Plaintiffs were employees of the Defendants and performed work for Defendants in Bexar County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendant Hajarrah, LLC thus resides in this district, as residency is defined in 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. EMPLOYERS AND COVERAGE UNDER THE FLSA

9. Throughout the time they worked at Azro, Plaintiffs were "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)).

10. Throughout Plaintiffs' employment at Azro, Defendant Hajarrah, LLC was an "employer" of the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Throughout Plaintiffs' employment at Azro, Defendant Tilla Bayat was an "employer" of the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Throughout Plaintiffs' employment at Azro, Defendant Ruhullah Bayat was an "employer" of the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Throughout Plaintiffs' employment at Azro, Hajarrah, LLC, Tilla Bayat, and Ruhullah Bayat were Plaintiffs' joint employers.

14. Throughout Plaintiffs' employment at Azro, Tilla and Ruhullah Bayat both regularly acted, directly or indirectly, in the interest of Hajarrah, LLC with respect to Plaintiffs.

15. On information and belief, between 2023 and 2025, as long as Azro was in operation, both Tilla and Ruhulla Bayat had an ownership interest in Hajarrah, LLC.

16. On information and belief, between 2023 and 2025, as long as Azro was in operation, Tilla Bayat was a managing member and registered agent of Hajarrah, LLC.

17. Between 2023 and 2025, as long as Azro was in operation, both Tilla and Ruhulla Bayat exercised operational control over the Azro Authentic Afghan Cuisine ("Azro").

18. Between 2023 and 2025, as long as Azro was in operation, Tilla and Ruhulla Bayat exercised final authority over all decisions on general business matters of Azro.

19. Between 2023 and 2025, as long as Azro was in operation, Tilla and Ruhulla Bayat possessed and exercised the authority to hire and fire Azro's employees.

20. Tilla Bayat hired Neelab Wafa and B.W.

21. Tilla and Ruhulla Bayat controlled Neelab Wafa and B.W.'s and other employees' work schedules and conditions of employment.

22. Tilla Bayat told Neelab Wafa and B.W. what time to report to work and the hours they

needed to work.

23. Tilla and Ruhulla Bayat gave Neelab Wafa and B.W. their work assignments.

24. Tilla and Ruhulla Bayat supervised Neelab Wafa, B.W., and other employees' work.

25. Tilla and Ruhulla Bayat determined the rate and method of Neelab Wafa and B.W.'s and other employees' compensation.

26. Between 2023 and 2025, as long as Azro was in operation, it was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

27. Between 2023 and 2025, as long as Azro was in operation, it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

28. Between 2023 and 2025, as long as Azro was in operation, Azro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

29. In the performance of their work, Plaintiffs handled equipment, supplies, and materials that were manufactured or have moved outside of Texas, including, for example, food, dishes, silverware, and cleaning supplies and equipment.

## V. FACTUAL ALLEGATIONS

30. Azro Authentic Afghan Cuisine ("Azro") was a restaurant located in San Antonio, Texas.

31. Plaintiffs Neelab Wafa and B.W. worked at Azro from approximately August 2021 until August 2025.

32. Plaintiffs Neelab Wafa and B.W. were high school or middle school students throughout the time they worked at Azro.

33. Plaintiffs Neelab Wafa and B.W. worked in the kitchen at Azro, performing cooking, serving, and cleaning duties.

34. Defendants initially agreed to pay Plaintiffs Neelab Wafa and B.W. a wage of $9 per hour.

35. In or around 2024, Defendants agreed to increase Plaintiffs' wage to $10 per hour.

36. During summers and on holidays, Plaintiffs Neelab Wafa and B.W. generally worked at least about 14 hours a day on average, five days a week, for a total of at least about 70 hours a week on average.

37. During normal school weeks, Neelab generally worked only Saturdays and Sundays, for a total of about 28 hours a week on average.

38. During normal school weeks, B.W. worked Friday afternoons in addition to Saturdays and Sundays, for a total of about 36.5 hours a week on average.

39. Rather than paying Neelab and B.W. contemporaneously, Defendants told them that, because they were minors, their wages would be deposited into a bank account for safekeeping until they turned 18.

40. When Neelab turned 18 and asked Defendants for her accumulated wages, Defendants told her they had spent the money, and there was nothing in the bank account for them.

41. Defendants have never paid Neelab Wafa or Plaintiff B.W. for their work.

42. Neelab and B.W. repeatedly requested their unpaid wages from Defendants, but to date Defendants have refused to pay them.

43. Defendants knowingly, willfully, or with reckless disregard carried out their illegal practice of refusing to pay Neelab and B.W. for all of the years they worked.

## VI. CAUSE OF ACTION: FLSA

44. The above-stated facts constitute a violation of Section 6 of the FLSA, 29 U.S.C. §§ 206, in that Defendants employed Neelab Wafa and B.W. in workweeks in which they refused to pay

them at all, and therefore did not pay them the required minimum wage.

45. The above-stated facts constitute a violation of Section 7 of the FLSA, 29 U.S.C. §§ 207, in that Defendants employed Neelab Wafa and B.W. for workweeks longer than 40 hours without compensating them for all of their work in excess of forty hours per week at one-and-one-half times their regular hourly rate.

## VII. CAUSE OF ACTION: BREACH OF CONTRACT

46. The above-stated facts constitute a breach of contract under Texas common law in that Defendants failed to pay Plaintiffs the compensation they promised in return for their labor.

## VIII. CAUSE OF ACTION: COMMON LAW FRAUD

47. At the time Defendants hired Plaintiffs and on multiple occasions throughout their employment, Defendants Tilla and Ruhulla Bayat promised Plaintiffs they would pay their hourly wages for their work and that they were saving their wages in a bank account.

48. During at least part of the time Plaintiffs worked at Azro, none of the Defendants intended to pay Plaintiffs for their work.

49. Once Defendants developed the intent not to pay, they each had a duty to disclose to Plaintiffs their intent not to pay, but they concealed it instead, even while Plaintiffs continued working.

50. By concealing their intent not to pay, Defendants each intended Plaintiffs to continue working.

51. Plaintiffs did not know that Defendants did not intend to pay them, and they continued working in reliance on Defendants' promise to pay, suffering wage theft as a result.

52. The above-stated facts constitute fraud under Texas common law.

## IX. EXEMPLARY DAMAGES

53. Under Chapter 41 of the Texas Civil Practice and Remedies Code, Plaintiffs are entitled to

exemplary damages for the above-stated fraud.

## X. ATTORNEY'S FEEES

54. Plaintiffs are entitled to their reasonable attorney's fees under the FLSA and under Texas Civil Practice and Remedies Code Section 38.001.

55. Plaintiffs have complied with all prerequisites for recovery of attorney's fees under Texas Civil Practice and Remedies Code Section 38.002. Specifically, Plaintiffs are represented by an attorney; Plaintiffs presented this claim to Defendants; and Defendants did not pay the just amount owed within 30 days.

## XI. JURY DEMAND

56. Plaintiffs requests a trial by jury on all claims.

## XII. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs pray that this Court award them the following:

a. their unpaid compensation at the agreed rates;

b. liquidated damages in an amount equal to their unpaid minimum wages and overtime pay, under 29 U.S.C. § 216(b);

c. exemplary damages;

d. pre-judgment interest on the unpaid compensation in excess of their FLSA claim;

e. post-judgment interest on the entire judgment;

f. reasonable attorney's fees and the costs of this action; and

g. such other relief as this Court deems just and proper.

Respectfully submitted,

**FAIR LABOR LAW**

By: */s/ Aaron Johnson*
Aaron Johnson
State Bar No. 24056961
ajohnson@fairlaborlaw.com
314 E. Highland Mall Blvd, Ste. 401
Austin, Texas 78752
Ph: (512) 277-3505
Ph: (512) 277-3254

**ATTORNEY FOR PLAINTIFFS**